MARTHA LAFFERTY v. THE PEOPLE'S SAVINGS BANK.

[See 76 Mich. 35.]

*Executors and administrators—Bond of residuary legatee—Equity— Bill to quiet title.*

In this case the decree dismissing the bill is reversed, and the case remanded; and for a *full* report, see same case, reported in 76 Mich. 35.

Appeal from Wayne.    (Look, J.)    Argued April 18, 1888. Decided May 11, 1888.

Bill to quiet title.    Complainant appeals from decree dismissing bill.    Reversed and case remanded.    The facts are stated in the opinion, and in 76 Mich. 35.

*Morgan E. Dowling*, for complainant.

*C. J. O'Flynn*, for defendant.

LONG, J. The bill in this cause was filed April 27, 1887, in the circuit court for Wayne county, in chancery, to quiet title of complainant to the easterly one-half of lot No. 105

of the subdivision of the Lambert Beaubien farm in the city of Detroit.

It is claimed by the bill that Olney Cook acquired title to the premises on May 3, 1875, and on August 13, 1876, died, leaving a last will and testament, by which he devised all his property to his wife, and appointed his said wife and R. C. Remick executors of his will. The material part of said will reads as follows:

"After all my lawful debts are paid and discharged, the residue of my estate, both real and personal, I give, devise, and bequeath to my beloved wife, Asenath Cook, and her heirs, forever."

August 26, 1876, said will was filed in the probate court for Wayne county, and September 4, 1876, was admitted to probate, and duly recorded in said court.

September 4, 1876, Mrs. Cook was appointed by the probate court as sole executrix of said estate, said R. C. Remick having declined in writing to act as one of the executors, and on October 2, 1876, Mrs. Cook qualified as such sole executrix by filing the bond required by said court, and letters testamentary were issued to her.

The bond was in the usual form, with penalty of $1,000, and conditioned—

"1. That she shall pay all the debts and legacies of the said testator.

"2. That she shall perform all orders and decrees of the probate court aforesaid, by the said executrix to be performed in the premises. Then this obligation to be void and of no effect, or else to abide and remain in full force and virtue."

This bond was signed, "Asenath Cook, R. C. Remick."

Indorsed on the bond is the following:

"Wayne County, ss.:

"At a session of the probate court in and for said county, holden at Detroit on Monday, October 2, 1876.

"I have examined and do approve the foregoing bond, and

order the same to be filed and recorded in the probate office of said county.

"ALBERT H. WILKINSON, Judge of Probate."

July 18, 1877, the said Asenath Cook gave a warranty deed of the above-described property to S. Titus Parsons for a consideration of $4,000, which deed was duly recorded October 25, 1877.

November 15, 1877, said S. Titus Parsons and wife conveyed said premises by deed of warranty to complainant for the sum of $6,000, who caused her said deed to be recorded November 17, 1877. Complainant went into possession of the premises, under her deed, on or about January 1, 1878, and has ever since been and still is in the actual and sole possession of the same.

July 21, 1877, M. W. O'Brien, as cashier of the People's Savings Bank, and for and in its behalf, filed a petition in said probate court asking for the removal of said Asenath Cook as executrix of the estate of Olney Cook, and for the appointment of Henry D. Barnard as administrator *de bonis non*, which petition was granted on September 3, 1877, and said Barnard appointed such administrator, and qualified by filing his bond and accepting such trust, and to whom letters of administration with the will annexed were issued.

September 10, 1877, said probate court appointed commissioners on claims for said estate, who allowed a claim in favor of said People's Savings Bank, defendant herein, for the sum of $13,931, and who filed their report in said court on March 21, 1878.

July 2, 1879, said Barnard, as such administrator, filed a petition in said court for license to sell the said real estate before described, together with other lands, to pay the debts, and expenses and charges of administering said estate, which petition was granted September 30, 1879, and an order entered in said court on said day that said premises, together with other lands, be sold for such purposes.

March 5, 1880, the said premises, with other lands, were sold at public auction by said Barnard, as such administrator *de bonis non*, under said order, and bid in and deeded to Francis Palms, and the sale confirmed by order of said court entered therein April 21, 1880. Palms conveyed the premises, by deed of quitclaim, on November 1, 1881, to the People's Savings Bank, defendant in this suit, which now claims the same.

A plea to a part of the bill, together with a general demurrer to the residue, was filed May 28, 1887. The material parts of the plea and demurrer are as follows:

"For plea to so much of said bill as prays that this defendant may answer and set forth whether on October 2, 1876, Mrs. Asenath Cook qualified as executrix of the last will and testament of Olney Cook, deceased, by filing the bond required by the probate court for the county of Wayne, State of Michigan, whereupon letters of administration were issued to her, with the will annexed, says as follows:

"That, as will more fully appear by the records and files of said probate court, on September 4, 1876, by its order of that date, it committed the execution of said will, and granted the administration of the estate of said deceased, to Asenath Cook and Royal C. Remick, and directed that, upon their filing a bond in the penal sum of $10,000, with sufficient sureties, and the same being duly approved, letters testamentary be issued to them.

"That on October 2, 1876, said Royal C. Remick filed in said probate court his declination to act as an executor of said will, and on the same day said Asenath Cook filed in said probate court the bond set forth in said bill of complaint, and thereupon letters testamentary were granted to her by said probate court, without any preliminary order other than said order of said probate court dated September 4, 1876, and without notice of any kind to this defendant, and whose claim against said estate was subsequently allowed by the commissioners on claims appointed by said probate court."

A general demurrer is interposed to the residue of the bill.

The cause came on to be heard in the circuit court for the county of Wayne, in chancery, on the plea and demurrer, on

October 31, 1887, and decree entered therein, by which said plea was allowed, and said demurrer sustained; and, the complainant waiving her right to take issue on said plea, and declining to amend her bill, her said bill was dismissed, with costs to defendant; and the complainant appeals to this Court.

It is claimed by complainant that she was a *bona fide* purchaser, and that her rights could not be affected by the subsequent order of the probate court removing Mrs. Cook as executrix; that the judge of probate had no power or authority to make such order of removal; and that, when the $1,000 bond was filed by Mrs. Cook, it was a full compliance with the statute, and the property became vested in her, and she at once became the absolute owner thereof, disincumbered and discharged of all liens for the debts of the testator, and that the creditors of Olney Cook could not look to the property for the payment of their claims, but their remedy was upon the bond of Mrs. Cook, or as against her individually.

On the other hand, it is claimed by the defendant that the order removing Mrs. Cook was properly entered, and an administrator *de bonis non* properly appointed, for the reason that, the judge of probate having once made an order fixing the penalty of the executor's bond at $10,000, and with two sureties, he had no power or authority to accept the bond of $1,000, with one surety, without notice to the creditors and other persons interested in the estate.

We do not think these questions can be determined upon the pleadings as now presented.

The question of the *bona fides* of complainant's purchase is raised. This is not met by the plea or demurrer. This may raise an issue of fact requiring evidence to determine.

The other questions discussed in the briefs of counsel we prefer not to pass upon until the whole case shall come before us on final hearing, as they may be affected by proofs which may be taken.

The decree of the court below allowing the plea, sustaining the demurrer, and dismissing the bill, must be reversed and set aside, with costs, and the case remanded.

Defendant will have 30 days in which to answer complainant's bill, if it so elects, and the cause will proceed as provided by the statute and the rules and practice of the court.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred. CAMPBELL, J., did not sit.