NEWTON KREAMER *et al.* V. SARAH KREAMER.

EXECUTOR, *as Residuary Legatee—Breach of Bond—Action.* Where an executor, who is a residuary legatee, executes a bond to pay all the debts and legacies of the testator, he and the sureties become absolutely liable, to the extent of the penalty of the bond, for all debts and legacies, regardless of the amount or value of the assets of the estate; and, where a specific legacy is not paid when due, the legatee may, without obtaining an order of allowance by the probate court, and upon demand and refusal of payment, maintain an action for the recovery of such legacy against the obligors of the bond.

*Error from Jewell District Court.*

ACTION by *Sarah Kreamer* against *Newton Kreamer* and another on a bond. Plaintiff had judgment, and defendants come to this court. The opinion states the case.

*C. Angevine,* for plaintiffs in error.

*James H. Mechem,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: On August 14, 1886, John Kreamer died, leaving a last will, by which A. W. Kreamer, a residuary legatee, was appointed executor. Among other provisions of the will was one directing the executor to pay "to my wife, Sarah, out of my estate, $250 each year, as long as she lives." A. W. Kreamer accepted the appointment as executor, and, instead of giving the ordinary executor's bond, executed one as residuary legatee, under the provisions of the General Statutes of 1889, ¶2789, with Newton Kreamer and David J. Matter as sureties, conditioned that he would pay all the debts and legacies of the testator. After his appointment and qualification, A. W. Kreamer entered upon his trust as executor, but he paid no part of the legacy devised to Sarah Kreamer. On March 16, 1888, he died intestate, and letters of administration of his estate were issued to the defendant Newton Kreamer. In 1888, Sarah Kreamer demanded of A. W. Kreamer the amount of the legacy then due to her under the terms of the will, and in August, 1889, she demanded of Newton Kreamer and David J. Matter, the sureties upon the bond, the amount then due her under the provisions of the will, but all of these demands were refused. She then brought the present action against the sureties upon the bond of A. W. Kreamer as residuary legatee, and recovered the sum of $829, being the amount of the legacy due for the period of three years, together with interest thereon. It appears that a claim for the payment of this legacy was never presented to nor allowed by the probate court as a claim against the estate, and it is contended that there was no breach of the condition of the bond until the claim was allowed by the court, ordered to be paid, and payment refused. This is the only material question presented for review.

In our opinion, an order by the probate court allowing the legacy was entirely unnecessary. It was fixed and definite, and the plaintiffs in error had made an unconditional promise

to pay the same. Instead of giving the usual bond, which required him to account to the court for the assets of the estate, and use them so far as they would go in the payment of debts and legacies, Kreamer voluntarily executed the obligation of a residuary legatee, which made him and the sureties liable for all debts and legacies, regardless of the amount or value of the assets of the estate. There has been some discussion upon the much-controverted question of whether the giving of such a bond vested the property and assets of the estate in the residuary legatee and closed the administration of the estate. Upon this question, the authorities are not uniform. (*Lafferty v. Savings Bank*, 70 Mich. 210; 1 Woerner, Adm'n, 434.) It is not material to the decision of the present case whether the creditors and legatees may look to the assets of the estate as an additional security for payment, nor to what extent the residuary legatee is under the control of the probate court. It is sufficient to know that, by the express conditions of the bond, the sureties therein are bound to pay the debts and legacies to the extent of the penalty of such bond. The authorities strongly sustain the view that an action upon the bond is not the only remedy of creditors or legatees, and that the giving of such a bond does not close the administration nor wholly deprive the probate court of jurisdiction over the executor and the estate. But none of the cases cited furnish authority which would relieve the obligors from the condition of the bond, by which they agreed to pay the debts and legacies unconditionally, whether there were sufficient assets or not. There may be some reason why an unliquidated claim or an indefinite and undetermined legacy should be presented to the probate court for its consideration and allowance, but there is no necessity nor any good purpose to be subserved by the presentation to and allowance by the probate court of a definite and fixed legacy, such as the one under consideration. The statute does not expressly require it, and nothing in the nature of the bond given makes it necessary. The legacy being specific and the liability of the obligors absolute, of what avail would be the con-

sideration or allowance of the probate court? What is there for it to determine? The court could not, if the matter was presented to it, alter the amount or terms of the legacy, nor limit the liability which the obligors of the bond have assumed. The obligation to pay this legacy at the times when it became due was absolute, and when the executor failed to make the payments when due the condition of the bond was broken. Default has been made in three payments of this legacy, and, as demands have been made for payment, we see no reason why an action could not be maintained upon the bond. As tending to sustain this view, we refer to the following authorities: *Duvall v. Snowden,* 7 Gill & J. (Md.) 430; *Durfee v. Abbott,* 50 Mich. 278; *Wheeler v. Hatheway,* 24 N. W. Rep. 780; *Jones v. Richardson,* 46 Mass. 248; *Buell v. Dickey,* 2 N. W. Rep. 884; *Conant v. Stratton,* 107 Mass. 482; *Lafferty v. Savings Bank,* supra.

Complaint is made of the refusal of the court to compel the plaintiff below to separately state and number what are called several causes of action. This motion was not made until after the demurrer was filed, and, as plaintiffs in error have chosen to stand upon their demurrer, the ruling of the court upon the subsequent motion and pleadings has become immaterial.

The judgment will be affirmed.

All the Justices concurring.